**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOHN D. DRESDEN,        )<br>  Plaintiff,        )<br>        )<br>  v.        )<br>        )<br>MICHAEL D. PETERSEN,        )<br>PRINCE VALLEY ENTERPRISES, INC., and        )<br>CHARLOTTE PROCK,        )<br>  Defendants.        ) | Case: 2:20-cv-318<br><br><br><br>**JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES Plaintiff, JOHN D. DRESDEN ("John") by and through CUSTY LAW FIRM, LLC, against the Defendants, MICHAEL D. PETERSEN ("Petersen"), PRINCE VALLEY ENTERPRISES, INC. ("Prince Valley") and CHARLOTTE PROCK ("Prock") and alleges and states the following:

### The Parties

1. John is a citizen and resident of the Northern District of Indiana.

2. Defendant Petersen is a citizen and resident of Wisconsin. Defendant Petersen may be served with legal process at his home address.

3. Defendant Prince Valley is a foreign corporation organized under the laws of Wisconsin with its principal place of business located at 7076 150th Avenue, Bloomer, Wisconsin 54724. Therefore, Defendant Prince Valley is not a citizen of Indiana. Defendant Prince Valley's process agent in the State of Indiana is Process Agent Service Company, Inc., care of Daniel Bradford, 11940 Pebblepointe Pass, Carmel, Indiana 46033-9673.

1

4. At all relevant times, Defendant Prince Valley was and is engaged in business as an interstate motor carrier transporting goods and other items for compensation and does business in Indiana, including and through the Northern District of Indiana.

5. Defendant Prock is a citizen and resident of Wisconsin. Defendant Prock may be served with legal process at her home address.

6. At all relevant times, Defendant Prock was and is engaged in business as an interstate motor carrier transporting goods and other items for compensation and does business in Indiana, including and through the Northern District of Indiana.

**Background Facts**

7. At approximately 3:30PM on December 20, 2018 John drove a 2007 Chevy Malibu west on Interstate 80 in the far left lane near the 2.9 mile marker in Lake County, Indiana.

8. John slowed for traffic and a 2010 Freightliner tractor-trailer driven by Defendant Petersen slammed into the rear of his car.

9. At the time of the wreck, Defendant Peterson had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Indiana law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Indiana law, including, but not limited to the Required Knowledge and Skills set forth in 49 CFR Sections 383.111 and 383.113 as well as the mandates of 49 CFR Sections 390-395.

10. There was nothing that John could have done to avoid or minimize the collision or the damages resulting therefrom.

11. The tractor-trailer was owned by Defendant Prince Valley.

12. Defendant Prince Valley Operated under USDOT #692918 at the time of the crash. At the time of the crash, Defendant Prince Valley's Carrier Safety Rating was under "Compliance Review". This information is publicly available.

13. Defendant Prince Valley historically has a higher out of service percentage for its tractor-trailers and drivers than the national average. For example, in the 24 months prior to August 3, 2020, Defendant Prince Valley drivers were out of service following 16.7% of inspections where the national average was only 5.51%. During the same period, Defendant Prince Valley's tractor-trailers were out of service following 30% of inspections whereas the national average was 20.72%. This information is publicly available.

14. The trailer being pulled by the tractor-trailer was owned by Defendant Prock.

15. That in relevant parts, the Federal Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. § 390.5.

16. That in relevant parts, the Federal Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 CFR § 390.5.

17. That in relevant parts, the Federal Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it.  49 C.F.R. § 390.5.

18. That in relevant parts, the Federal Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. § 390.5.

19. That at all times relevant, the truck and trailer driven by Defendant Petersen was a semi-trailer and therefore a motor vehicle as defined by the Federal Motor Carrier Safety Regulations.

20. That at all relevant times, Defendant Petersen, was a driver of said motor vehicle and therefore an employee as defined by the Federal Motor Carrier Safety Regulations.

21. That at all times relevant, Defendant Prock owned the trailer or commercial motor vehicle in connection with Defendant Petersen's employment, and was therefore a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

22. At all times relevant, Defendant Prock was a motor carrier and therefore an employer as defined by the Federal Motor Carrier Safety Regulations.

23. That in its relevant parts, the Federal Motor Carrier Regulations mandate that motor carriers, which includes employers, require observance by their drivers of the

4

    duties or prohibitions otherwise prescribed for drivers in the Federal Motor Carrier Safety Regulations.  49 C.F.R. § 390.11.

24. At the time of the collision, Defendant Petersen was operating the tractor-trailer in the course and scope of his employment and/or agency with each of Prince Valley and Prock and in furtherance of the business of each.

## Jurisdiction and Venue

25. This Court has jurisdiction for this action under 28 U.S.C. § 1332.

26. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) insofar as a substantial part of the events or omissions giving rise to the claim occurred within the Northern District of Indiana and other applicable law.

27. This Court has subject matter jurisdiction over the claims asserted in this Complaint.

28. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

29. There is complete diversity among the parties as Plaintiff is not a citizen of the same state as any Defendant.

## Causes of Action

### COUNT I: Negligence and Negligence *Per Se*
### Against Defendant Peterson

30. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

31. Defendant Peterson had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver so as not to endanger the lives and welfare of John and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front of him, and operating his commercial vehicle at a reasonably and

prudent speed in accordance with the condition of the roadway and all traffic laws and regulations.

32. As a professional truck driver, Defendant Peterson also had a duty to operate his tractor-trailer in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR Sections 383.111 and 383.113; the mandates of 49 CFR Sections 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

33. Defendant Peterson breached those duties and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

    a. Failing to keep a lookout for vehicles and traffic ahead;

    b. Failing to perform a proper visual search;

    c. Failing to properly manage his space;

    d. Following too closely;

    e. Failing to yield the right of way to vehicles in front of him on the roadway;

    f. Failing to drive at a safe and reasonable speed under the conditions;

    g. Failing to drive defensively;

    h. Failing to avoid colliding with another vehicle;

    i. Operating a motor vehicle while distracted;

    j. Operating a motor vehicle while fatigued;

    k. Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and John in particular, in grave danger;

    l. Failing to adhere to safe driving principles expected of professional drivers;

    m. Failing to operate the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

    n. Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

    o. Violating the Indiana rules of the road including Indiana Code § 9-21-5-1 (failing to drive vehicle at a reasonable speed under the conditions); Indiana Code § 9-21-5-4 (failing to reduce speed due to traffic and highway conditions); Indiana Code § 9-21-8-12 (truck tractor to only be operated in far right lane absent specified circumstances); Indiana Code § 9-21-8-13 (truck tractor to be operated in two far right lanes when 3 or more lanes present); Indiana Code § 9-21-8-14 (following too closely); and Indiana Code § 9-21-5-1 (failing to reduce speed to avoid a wreck);

    p. Otherwise failing to act reasonably and prudently as a professional driver should under the circumstances; and

    q. Such other specifications of negligence that shall be added by amendment or proven at trial.

34. As a result of the foregoing breaches of duties, John was physically injured, suffered emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; lost time or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

35. Defendant Petersen is liable to John for all damages allowed by law for the injuries, harms and losses sustained by Plaintiff as a result of his negligence.

36. The Indiana Officer's Standard Crash Report for the wreck provides that the primary cause of the wreck was Petersen following too closely.

37. Following too closely under Indiana law is an act of "aggressive driving" pursuant to Indiana Code § 9-21-8-55 and exhibits a conscious and reckless disregard for the safety and well-being of others and the natural and probable consequences of ones choices.

WHEREFORE, Plaintiff JOHN DRESDEN demands judgment against the Defendant MICHAEL PETERSEN for compensatory damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: *Respondeat Superior*
### Against Defendants Prince Valley and Prock

38. Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 37 of this Complaint for Damages as if each were fully set forth herein in their entirety.

39. At all times material, Defendant Petersen was acting within the course and scope of his employment or agency with Defendants Prince Valley and Prock and was furthering the business interests of Defendants Prince Valley and Prock.

40. Defendants Prince Valley and Prock are liable under the doctrine of *respondeat superior* and the rules of agency for the tortious acts and omissions of their agents, employees, members, representatives, servants or contractors pursuant to applicable law. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Petersen on December 20, 2018, which are described above and were committed within the course and scope of his agency or employment with Defendants Prince Valley and Prock.

41. As a result of the foregoing breaches of duties, John was physically injured, suffered emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; lost time or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

42. Alone or in conjunction with the negligence of other Defendants, Defendants Petersen, Prince Valley and Prock's negligence proximately caused the injuries to John.

43. Defendants Prince Valley and Prock are liable to John for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff as a result of the negligence of Defendant Petersen and/or their own independent negligence.

44. The Indiana Officer's Standard Crash Report for the wreck provides that the primary cause of the wreck was Petersen following too closely.

WHEREFORE, Plaintiff JOHN DRESDEN demands judgment against the Defendants PRINCE VALLEY ENTERPRISES, INC. and CHARLOTTE PROCK for compensatory damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: Negligence
### Against Defendants Prince Valley and Prock

45. Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 37 of this Complaint for Damages as if each were fully set forth herein in their entirety.

46. As an employer, Defendants Prince Valley and Prock are also independently negligent in the hiring, qualifying, training, entrusting, supervising, and retaining Defendant Petersen

in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent employer and motor carrier would under the same or similar circumstances.

47. Defendants Prince Valley and Prock failed to ensure that their commercial motor vehicle and driver complied with federal and state laws and regulations.

48. Defendants Prince Valley and Prock failed to properly inspect, maintain, service or repair the tractor and commercial motor vehicle Petersen was driving or pulling.

49. As an employer and motor carrier, Defendants Prince Valley and Prock had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, other federal law and regulations, Indiana law and industry standards including the duty to properly qualify Defendant Petersen, the duty to properly train Defendant Petersen, the duty to properly inspect and maintain its vehicles and trailers, the duty to make sure its employees are medically able to operate commercial motor vehicles and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicles and trailers.

50. Defendants Prince Valley and Prock were independently negligent in failing to meet their duties and responsibilities under the Federal Motor Carrier Safety Regulations, other federal law and regulations, Indiana law and industry standards.

51. As a result of the foregoing breaches of duties, John was physically injured, suffered emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; lost time or wages and impairment of

earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

52. Alone or in conjunction with the negligence of other Defendants, Defendants Petersen, Prince Valley and Prock's negligence proximately caused the injuries to John.

53. Defendants Prince Valley and Prock are liable to John Dresden for all damages allowed by law for the injuries, harms and losses sustained by Plaintiff as a result of the negligence of Defendant Petersen and/or their own independent negligence.

54. The Indiana Officer's Standard Crash Report for the wreck provides that the primary cause of the wreck was Petersen following too closely.

WHEREFORE, Plaintiff JOHN DRESDEN demands judgment against the Defendants PRINCE VALLEY ENTERPRISES, INC. and CHARLOTTE PROCK for compensatory damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: Negligent Hiring of Contractor
### Against Prock

55. Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 37 of this Complaint for Damages as if each were fully set forth herein in their entirety.

56. Transporting goods over the roads in the United States via semi-truck involves a significant risk of physical harm to the motoring public if not done carefully.

57. Prock owed a duty to exercise reasonable care in the selection of a competent and careful independent contractor.

58. Prock had actual or constructive knowledge that Prince Valley did not have a satisfactory safety rating with the Federal Motor Carrier Safety Administration at the time it hired Prince Valley to transport its trailer prior to the wreck at issue.

59. Prock also had actual or constructive knowledge that Prince Valley had higher out of service rates for drivers and vehicles than other trucking companies in the United States.

60. Despite the aforementioned duty and actual or constructive knowledge regarding the skill and safety of Prince Valley, Prock engaged Prince Valley to transport its trailer.

61. As a result of the foregoing breach of duty, John was physically injured, suffered emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; lost time or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

62. Alone or in conjunction with the negligence of other Defendants, Defendant Prock's negligence proximately caused the injuries to John.

63. Defendant Prock is liable to John for all damages allowed by law for the injuries, harms and losses sustained by Plaintiff.

64. The Indiana Officer's Standard Crash Report for the wreck provides that the primary cause of the wreck was Petersen following too closely.

WHEREFORE, Plaintiff JOHN DRESDEN demands judgment against the Defendant CHARLOTTE PROCK for compensatory damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT V: Punitive Damages
### Against Prince Valley, Petersen, and Prock

65. Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 64 of this Complaint for Damages as if each were fully set forth herein in their entirety.

66. Prince Valley, Petersen and Prock have been guilty of such willful misconduct, malice, fraud, wantonness, oppression and an entire want of care sufficient to raise the presumption of conscious indifference to consequences.

67. The aforementioned Defendants' misconduct is so aggravating it authorizes, warrants and demands the imposition of substantial punitive damages against Prince Valley, Petersen and Prock.

WHEREFORE, Plaintiff JOHN DRESDEN demands judgment against the Defendants MICHAEL D. PETERSEN, PRINCE VALLEY ENTERPRISES, INC. and CHARLOTTE PROCK, for punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

Respectfully Submitted,

CUSTY LAW FIRM, LLC

/s/ Brian N. Custy (#26329-64)
4004 Campbell Street, Suite 4
Valparaiso, IN  46385
219-286-7361
bcusty@custylaw.com

## **JURY DEMAND**

Comes now the Plaintiff, John Dresden, and demands a trial by jury.

> Respectfully Submitted,
>
> CUSTY LAW FIRM, LLC
>
> /s/ Brian N. Custy (#26329-64)
> 4004 Campbell Street, Suite 4
> Valparaiso, IN  46385
> 219-286-7361
> bcusty@custylaw.com